IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Hildra Jones, | ) | C/A No. 8:20-cv-02428-JD-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Warden Bryan K. Dobbs, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Jacquelyn D. Austin made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) of the District of South Carolina.[1] Hildra Jones ("Petitioner" or "Jones"), a federal prisoner brought this Petition for a Writ of Habeas Corpus without the aid of counsel under 28 U.S.C. § 2241. (DE 1.) Jones is serving a 195 month term of imprisonment following a jury trial conviction of a felon in possession of a firearm in violation of 28 U.S.C. § 922(g)(1) and requests the Court vacate his conviction and sentence. (DE 1.)

The Report recommended summary dismissal without requiring the captioned Respondent to file a return because this Court lacks jurisdiction. (DE 4.) Jones filed an Objection to the Report and Recommendation. (DE 12.) For the following reasons, the Court adopts the Report and Recommendation.

---

[1]  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Although Jones filed an Objection to the Report and Recommendation, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that many of the Petitioner's objections are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate his arguments. However, the Court has identified the following specific objections, which will be addressed herein. Jones first objects to the Report's finding that Jones cannot satisfy the second prong of the In re Jones test because the crime of which he was convicted remains a criminal offense. See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has established a test for evaluating whether a petitioner meets the savings clause under § 2255 when he contests his conviction and can, therefore, seek relief under § 2241.[2] Specifically, a petitioner can show that § 2255 is inadequate or ineffective to challenge a conviction when:

---

[2] The savings clause test is a jurisdictional requirement that must be met before the Court can entertain a petition filed pursuant to § 2241. United States v. Wheeler, 886 F.3d 426, 429 (4th Cir. 2018). Accordingly, the Court may raise subject matter jurisdiction sua sponte, and if a petitioner cannot meet the savings clause requirements, then the § 2241 petition "must be dismissed for lack of jurisdiction." Rice v. Rivera, 617 F.3d at 807; see also Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (explaining that a

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

Petitioner contends Rehaif v. United States, 139 S. Ct. 2191 (2019), modified In re Jones to require the Government prove that the defendant knew he possessed a firearm and that he belonged to the relevant category barred from possessing a firearm. (DE 12, p. 2.) Here, Rehaif does not apply because Jones stipulated at trial as to his status as a felon. Although Jones draws a distinction between a guilty plea as in Rehaif and a stipulation, and between a stipulation and whether Jones actually "knew" he had been convicted and possessed a firearm, this stipulation satisfies the government's burden of proof, and Jones is not entitled to relief under Rehaif. "[Factual stipulations are] binding and conclusive ..., and the facts stated are not subject to subsequent variation. So, the parties will not be permitted to deny the truth of the facts stated, ... or to maintain a contention contrary to the agreed statement, ... or to suggest, on appeal, that the facts were other than as stipulated or that any material fact was omitted. The burden is on the party seeking to recover to show his or her right from the facts actually stated." Christian Legal Soc. Chapter of the Univ. of California, Hastings Coll. of the L. v. Martinez, 561 U.S. 661, 677, 130 S. Ct. 2971, 2983, 177 L. Ed. 2d 838 (2010) (citing 83 C.J.S., Stipulations § 93 (2000)). Accordingly, Jones cannot satisfy the second element of the In re Jones savings clause test because given Jones's stipulation that he was convicted of a crime punishable by a term of imprisonment exceeding one year, he cannot show that the crime of which he was convicted is no longer deemed to be criminal.

---

district court has an independent duty to ensure that jurisdiction is proper and to dismiss a case whenever it appears that subject matter jurisdiction is lacking).

Secondly, to the extent Jones contends his sentence should be vacated, he cannot meet the savings clause test applicable to a sentencing challenge. Specifically, the Fourth Circuit has articulated a four-part test for determining whether § 2255 is "inadequate or ineffective" to raise challenges to sentencing errors:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. However, to date, Rehaif has not been held to be retroactively applicable on collateral review. See In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019) (noting Rehaif has not been applied retroactively on collateral review). Therefore, Jones cannot meet the second prong of Wheeler because he has not shown that, subsequent to his first § 2255 motion, there was a change in the substantive law of the sentencing court that was deemed to apply retroactively on collateral review. Accordingly, Jones has failed to satisfy the elements of the Wheeler test to invoke the savings clause of § 2255 to challenge his sentence, and Petitioner's § 2241 challenge to his sentence is, therefore, dismissed.

It is, therefore, **ORDERED** that Jones's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 Savings Clause Provision is denied. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
September 20, 2021

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.